**RPLY**
THOMAS CHRISTENSEN, ESQ.
Nevada Bar No. 2326
DAVID F. SAMPSON, ESQ.
Nevada Bar No. 6811
CHRISTENSEN LAW OFFICES, LLC
1000 S. Valley View Blvd.
Las Vegas, Nevada 89107
Attorney for Plaintiffs,

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERENDIRA ESPERANZA GUZMAN-IBARGUEN, individually; ERENDIRA MEJIA-GUZMAN, individually; MARIA FERNANDEZ MEJIA-GUZMAN, individually; TAMMY HARLESS as Special Administrator for the Estate of OSCAR ANICETO MEJIA-ESTRADA | ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) | Case No. 2:10cv-01228-PMP-PAL |
| v. | ) ) | |
| SUNRISE HOSPITAL AND MEDICAL CENTER, LLC.; OSCAR CHAVES, RN; NANCY BEASLEY RN; ARLAMAY ROGERS, RN; LAUREN HENDRICKS, RN; MARCELINO A. TACADENA, RN; TINA HAYES, CNA; NURSE STRUASS RN; TIEN CHANG WANG, MD; ANTHONY KEILY; JEFFREY JOHNSTON; SOUTHWEST EMERGENCY ASSOCIATES; FREMONT EMERGENCY DOES I-XX and ROES I-X, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants, | ) | |

## REPLY TO RESPONSE TO MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND REQUESTS FOR PRODUCTION

COMES NOW, Plaintiffs, by and through their attorneys, CHRISTENSEN LAW OFFICES, LLC, and replies to Defendant's response to Plaintiffs' Motion to Compel.

1

## POINTS AND AUHTORITIES

### PEER REVIEW PRIVILEGE

Nothing in Defendant's response alters, or even addresses, the fact that "No case in [the ninth] circuit has recognized the privilege." *Agster v. Maricopa County*, 422 F.3d 836, 840 (9th Cir. 2005). Defendant's motion repeats Nevada state privileges, but never refutes the fact that "Where there are federal question claims and pendent state law claims present, the federal law of privilege applies." *Id.* (citing Fed.R.Evid. 501 advisory committee note; *see also* \*840 *Wm. T. Thompson Co. v. Gen. Nutrition Corp.,* 671 F.2d 100, 104 (3d Cir.1982)). As there is no federal peer review privilege, the information must be disclosed.

### ATTORNEY-CLIENT PRIVILEGE

Defendant's response attempts to, but does not, circumvent the clear truth that Sunrise filed a motion to dismiss at the outset of this matter wherein Sunrise claimed that, as a matter of law, it could not have violated EMTALA. As such there could not have been any attorney-client privileged communications in anticipation of litigation which Sunrise believed, as a matter of law, were not actionable. Additionally Sunrise never explained why no privilege log has ever been provided.

### REMAINING OBJECTIONS

Sunrise's response fails to deal with the substance of its refusal to answer clear questions regarding this matter. Instead Sunrise claims the issues were not discussed as required under LR 26.7. However the requisite affidavit clearly states "We also discussed how Defendant's objections to Plaintiffs' interrogatories are unfounded as the questions are limited in time and scope, and are not ambiguous." As such, Defendant's claim that "the only issue discussed amongst counsel was regarding "peer review privilege" and its applicability" it belied by the affidavit itself.

**BREADTH AND SCOPE**

Again, objections that the discovery is ambiguous as to time and scope are not well founded. The interrogatories specifically reference Oscar Mejia, as well as the date of July 27, 2008. The objection is spurious. The information needs to be provided.

**SPECIFIC INTERROGATORY OBJECTIONS**

Interrogatory No. 1 of Plaintiff Erendira Mejia's-Guzman's First set of Interrogatories asked Defendant to state all facts which support Defendant's position that no material deterioration of Oscar Mejia's condition was likely. Defendant's answer was to object and claim the interrogatory was vague as to time and place, and requested a medical opinion. See Exhibit "6".

Again, Mr. Mejia was not at Sunrise for months on end. Sunrise can easily answer the interrogatory regarding any position it took that a material deterioration in Oscar's condition was unlikely at any point in time.

Interrogatory No. 4 of Plaintiff Erendira Mejia's-Guzman's First set of Interrogatories asked Defendant to state what clothing, if any, Oscar Mejia was wearing at any point in time on July 27, 2008, including the time Oscar was wearing any of the said clothing. Defendant's answer was to object and claim the interrogatory was vague and ambiguous as to time and "clothing". See Exhibit "6".

The very notion that "clothing" is ambiguous is laughable. Clearly the interrogatory is unambiguous as to time as it is specifically limited to "any point in time on July 27, 2008. Sunrise needs to answer as to what clothing, if any, Oscar was wearing at any time on July 27, 2008.

Interrogatory No. 5 of Plaintiff Erendira Mejia's-Guzman's First set of Interrogatories asked Defendant to state all facts indicating how Oscar Mejia came in to possession of the socks found lodged in his throat on July 27, 2008. Defendant's answer was "It is the understanding and belief of Sunrise Hospital that Oscar Mejia requested the socks for warmth. See Exhibit "6".

While Defendant's answer attempts to explain the reason why Oscar may have ended up with socks, it does not explain how Oscar came into possession of the socks. Surely the socks did not appear out of thin air just because Oscar requested them for warmth. Plaintiffs have the right to learn how Oscar ended up having socks at all. The interrogatory needs to be answered

### Conclusion

Based upon the foregoing, Plaintiff respectfully seeks an order compelling the discovery responded referenced herein.

DATED this  14th  day of   April, 2011.

CHRISTENSEN LAW OFFICES, LLC


BY:_____
        THOMAS CHRISTENSEN, ESQ.
        Nevada Bar No. 2326
        DAVID F. SAMPSON, ESQ.
        Nevada Bar No. 6811
        1000 S. Valley View
        Las Vegas, Nevada  89107
        Attorneys for Plaintiffs