# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ERINDIRA ESPERANZA GUZMAN-IBARGUEN, *et. al.*,<br><br>Plaintiffs,<br><br>vs.<br><br>SUNRISE HOSPITAL AND MEDICAL CENTER, *et. al.*,<br><br>Defendants. | Case No. 2:10-cv-1228-PMP-GWF<br>**Consolidated with:**<br>Case No. 2:10-cv-1983-PMP-GWF<br><br>**ORDER**<br><br>**Re:** *In Camera* **Review of Documents Pursuant to Order #66** |

Pursuant to Order (#66), Defendant Sunrise Hospital and Medical Center, LLC submitted for *in camera* review a copy of the Sentinel Event Report, bates stamped SER0001 through SER0005, and the Root Cause Analysis, bates stamped RCA0001 through RCA0009, together with "supporting documentation," bates stamped RCA 0010 through RCA0109.  In compliance with the order, Defendant has also filed an Affidavit of Laurie Turner, an employee of Sunrise Hospital and Medical Center, LLC, who states that the Root Cause Analysis was performed by the Patient Safety Committee at Sunrise Hospital and Medical Center in response to a sentinel event that occurred on July 27, 2008 with patient Oscar Mejia-Estrada; that the Patient Safety Committee was established in compliance with NRS 439.875 and that the Patient Safety Committee conducted its investigation; and reporting of the event in accordance with the Nevada statutes governing sentinel events, reporting of such events and investigations of those events.  NRS 439.800 through NRS 439.890.  *See Defendant Sunrise Hospital and Medical Center, LLC's Response to Court's Order on Plaintiff's Motion to Compel (#68), Exhibit A, Affidavit of Laurie Turner.*

. . .

Based on its *in camera* review of the documents submitted by the Defendant, the Court finds that the Sentinel Event Report, bates stamped SER0001 through SER0005, is within the scope of the Nevada statutory privilege set forth in NRS 439.840.2.  The Court also finds that the Root Cause Analysis, bates stamped RCA0001 through RCA0009, is within the scope of the Nevada statutory privilege set forth in NRS 439.875.2.  The supporting documents, RCA0010 through RCA0070, are also within the scope of the Nevada statutory privilege set forth in NRS 439.875.2.  All of these documents concern Defendant's investigation, findings and conclusions regarding Mr. Mejia-Estrada's suicide on July 27, 2008.  The documents do not contain information relevant to Plaintiffs' cause of action against Defendants for the alleged violation of the Emergency Medical Treatment and Active Labor Act (EMTALA).   The Court therefore applies the Nevada statutory privileges to these documents and upholds Defendant's objection to producing the documents based on those privileges.

Defendant has also included in its *in camera* submission a copy of Defendant Sunrise Hospital and Medical Center, LLC's August 2007  "Mental Health Acute Care Management-Pediatric and Adult (Adult Legal 2000) policy, bates stamped RCA0072-RCA0078 and Defendant's August 2007 policy for "Patients Requiring Protective Holds or With Correctional Restrictions," bates stamped RCA0079-RCA0086.  While these policy documents contain information relevant to the Root Cause Analysis conducted by Defendant, the policies are not themselves privileged.  *See e.g. Columbia/HCA Health Care v. District Court*, 113 Nev. 521, 530, 936 P.2d 844, 848-849 (1993).  These documents, however, may have already been produced to Plaintiffs.  *See Plaintiffs' Motion to Compel (#50), Exhibit No. 5,* Defendants' Responses to Requests for Production of Documents, response to Request No. 14.  To the extent they have already been produced, Defendant is not again required to produce them in response to this order.

Defendant also included in its *in camera* submission a copy of Defendant of Sunrise Hospital and Medical Center, LLC's "2009 Performance Improvement and Proactive Patient Safety Plan," bates stamped RCA0087-RCA0102.  This policy or procedure document does not fall within the scope of the state privileges asserted by Defendant.  The document, however, does not contain policies that would have governed the Defendant's employees or medical staff in dealing with Mr.

Mejia-Estrada in July 2008. The Court, therefore, finds that this document is not relevant to the claims or defenses in this case. Nor is it within the scope of Plaintiffs' Request for Production No. 14. Therefore, the document need not be produced to Plaintiffs.

Finally, Defendant has included in its *in camera* submission a copy of Defendant's "Sentinel Event Policy," bates stamped RCA010-RCA0107. Although Defendant's sentinel event policy is arguably not itself privileged, the document pertains only to the conduct of sentinel event investigations, the results and reports of which are privileged under Nevada law. The Court therefore finds that this document is not relevant to the claims or defenses in this case and need not be produced to Plaintiffs.

Based on the foregoing, Defendant's privilege objections to the production of its sentinel event report and root cause analysis report, together with the supporting documentation, are sustained. Accordingly,

**IT IS HEREBY ORDERED** that and Plaintiffs' Motion to Compel Production of these documents (#50) is **denied.**

DATED this 16th day of June, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE