UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ERENDIRA ESPERANZA, GUZMAN-IBARGUEN, individually; ERENDIRA MEJIA-GUZMAN, individually; MARIA FERNANDEZ MEJIA-GUZMAN, individually; TAMMY HARLESS as Special Administrator for the Estate of OSCAR ANICETO MEJIA-ESTRADA, <br><br>  Plaintiffs, <br><br> vs. <br><br> SUNRISE HOSPITAL, MEDICAL CENTER, LLC; OSCAR CHAVES, RN; ERIC S. DENNIS, MD; NANCY BEASLEY, RN; ARLAMAY ROGERS, RN;  LAUREN HENDRICKS, RN; MARCELINO A. TACADENA, RN; TINA HAYES, CNA; VICKY STRAUSS, RN; TIEN CHANG WANG, MD; DR. WADE SEARS; ANTHONY KEILY, JEFFREY JOHNSTON; SOUTHWEST EMERGENCY ASSOCIATES, et al., <br><br>  Defendants. | 2:10-CV-01228-PMP-PAL <br> (Base File) <br><br> 2:10-CV-01983-PMP-GWG <br><br> **ORDER** |

Before the Court for consideration are Cross-Motions for Summary Judgment filed on behalf of Plaintiffs' (Doc. #47) and Defendants' Sunrise Hospital, Medical Center, LLC, Oscar Chaves, RN, Nancy Beasley, RN, Lauren Hendricks,

RN, Marcelino A. Tacadena, RN, Tina Hayes, CNA, Vicky Strauss, RN, Anthony Keily, Jeffrey Johnston's Opposition and Counter-Motion for Summary Judgment (Doc. #57) in the above referenced consolidated cases.

In case number 2:10-CV-1228-PMP-PAL, Plaintiffs' assert a single claim against Defendant Sunrise Hospital and Medical Center LLC., for violation of the Emergency Medical Treatment and Labor Act (EMTALA), 42 U.S.C. § 1395dd.

In case number 2:10-CV-1983–PMP-GWF, the same Plaintiffs' assert a claim for medical malpractice against all Defendants except Defendants' Tien Chang Wang, M.D, Southwest Emergency Associates, and Fremont Emergency. Therefore, this Order does not address the claims asserted against Defendants' Tien Chang Wang, M.D., Southwest Emergency Associates, or Fremont Emergency.

Having considered the extensive briefing of the parties, as well as the arguments of counsel presented at the hearing conducted July 11, 2011, the Court finds that to the extent Plaintiffs' seek summary judgment on their medical malpractice claim against Defendants, said motion must be denied. Discovery in this case is ongoing and is currently scheduled to be completed by August 29, 2011. Although the ongoing discovery will undoubtedly further clarify factual issues relating to Plaintiffs' medical malpractice claim, Defendants have raised multiple genuine issues of material fact which weigh against granting Plaintiffs' Motion for Summary Judgment as to that particular claim.

The Court finds, however, that to the extent the Cross-Motions for Summary Judgment of Plaintiffs (Doc. #47) and Defendant Sunrise Hospital (Doc. #57) seek resolution of Plaintiffs' claim for violation of EMTALA in case number 2:10-CV-1228-PMP-GWF, said matter is ripe for resolution on summary judgment. Specifically, the Court finds that Defendants' Sunrise Hospital and Medical Center's Cross-Motion for Summary Judgment (Doc. #57) should be

granted as to Plaintiffs' EMTALA claim, and Plaintiffs' Motion for Summary Judgment against Sunrise Hospital on their EMTALA claim (Doc. #47) should be denied.

This case raises out of the tragic death of Plaintiffs' decedent, Oscar Aniceto Mejia-Estrada who committed suicide while in the care of Sunrise Hospital and Medical Center approximately 12 hours after his arrival on July 27, 2008. The circumstances surrounding the care and treatment provided to Mr. Mejia-Estrada during his 12 hour stay at Sunrise Hospital are the subject of Plaintiffs medical malpractice claim against the Defendants in case number 2:10-CV-1983. However, as the United States Court of Appeals for the Ninth Circuit made clear in Baker v. Adventist Health, Inc., 260 F.3d 987, 993 (9th Cir. 2001), EMTALA "... is not intended to create a national standard of care for hospitals or to provide a federal cause of action akin to a state law claim for medical malpractice." Indeed, EMTALA expressly contains a non-preemption provision for state remedies. *See* 42 U.S.C. § 1395dd(f).

> EMTALA imposes two duties on hospital emergency rooms: a duty to screen a patient for an emergency medical condition, and, once an emergency condition is found, a duty to stabilize the patient before transferring or discharging him. *See* 42 U.S.C. § 139dd; *Jackson v. East Bay Hospital, 246 F. 3d 1248, 1254-55 (9th Cir. 2001).* The statue requires the emergency department to "provide for an appropriate medical screening examination within the capability of the hospital's emergency department, including ancillary services routinely available to the emergency department, to determine whether or not an emergency medical condition ... exists." 42 U.S.C. § 1395dd(a). If the *993 hospital determine that an individual has an emergency medical condition, it must provide "within the staff and facilities available at the hospital, for such further medical examination and such treatment as may be required to stabilize the medical condition." 42 U.S.C. § 1395dd(b)(1)(A).
>
> The hospital's duty to stabilize arises only when it actually detects an emergency medical condition. *Jackson, 246 F.3d at 1257.* If the patient's condition has not been stabilized, the hospital may not transfer the patient or her proxy requests for

3

> transfer in writing, or (2) a physician or other medical professional certifies that the medical benefits available at the other facility outweigh the risks of transfer. *See 42 U.S.C. § 1395dd(c)(1)*. Any transfer of a patient whose emergency condition has not been stabilized must comply with additional requirements set forth in the statute in order to qualify as an "appropriate transfer." *See 42 U.S.C. § 1395dd(c)(2)*.
>
> Congress enacted EMTALA to respond to the specific problem of hospital emergency rooms refusing to treat patients who were uninsured or who could otherwise not pay for treatment. In such situations, emergency rooms would either decline to provide treatment or transfer patients in an unstable condition to other hospitals, thereby jeopardizing patients' health. *See H.R.ep. No. 99-241, pt. I, at 27 (1985), reprinted in 1986 U.S.C.C.A.N. 579, 605; Jackson, 246 F.3d at 1254*.

260 F.3d at 992-993 (footnotes omitted).

As the United States Court of Appeals for the 9th Circuit made clear in *Baker*, EMTALA explicitly limits the screening examination that a hospital is required to provide to one that is within the capability of the hospital's emergency department. Baker, 260 F.3d 993. The record clearly establishes here that while Defendant Sunrise Hospital performed a medical screening of Mr. Mejia on July 27, 2008, it did not at that time have the capability to perform mental health screening. Instead, Mr. Mejia was moved to the Discharge and Observation Unit ("DOU") at Sunrise Hospital to be held for observation until he could receive the requisite psychiatric evaluation from Southern Nevada Adult Mental Health, to determine whether he would be admitted to their psychiatric facility. The record further reflects that once Mr. Mejia was transferred to the DOU, suicide prevention precautions were initiated at Sunrise Hospital. The question, whether Sunrise Hospital and the other named Defendants adequately discharged their duty of care to protect against Mr. Mejia's suicide is the subject of Plaintiffs' claim of medical malpractice against Defendants in 2:10-CV-1983. This issue is not, however, determinative of Plaintiffs' EMTALA claim against Sunrise Hospital.

4

The Court finds there is no genuine issue of material fact that Defendant Sunrise Hospital discharged its responsibility under EMTALA to perform a required medical screening of Mr. Mejia when he presented to the hospital on January 27, 2008.  Neither is there an genuine issues of material fact that Sunrise Hospital violated EMTALA by discriminatorily failing to provide mental health screening for Mr. Mejia.  It did not.  As established clearly by the United States Court of Appeals for the Ninth Circuit in Baker, EMTALA explicitly recognizes the differences among the capabilities of hospital emergency rooms by limiting the required screening to that which is within the capability of a given emergency department. Sunrise Hospital cannot be charged with discriminating against Mr. Mejia by failing to provide him with mental health screening where the hospital lacked the capacity to do so.  260 F.3d, at 995.  Defendant Sunrise Hospital is entitled to summary judgment on Plaintiffs' EMTALA claim in accordance with Rule 56 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED that** Defendant Sunrise Hospital and Medical Center's Motion for Summary Judgment (Doc. #57) is hereby **GRANTED** as to Plaintiffs EMTALA claim asserted in case number 2:10-CV-1228-PMP-GWF.

**IT IS FURTHER ORDERED that** Plaintiffs' Motion for Summary Judgment (Doc. #47) against Defendants' Sunrise Hospital and Medical Center for violation of EMTALA and against all Defendants for medical malpractice, is **DENIED**.

///
///
///
///
///

**IT IS FURTHER ORDERED that** the parties to these consolidated actions shall have 30 days from the date of this Order within which to file a Joint Pretrial Order.

DATED: July 13, 2011.

                                                             _____
                                                             PHILIP M. PRO
                                                             United States District Judge