UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ERINDIRA ESPERANZA GUZMAN-IBARGUEN, *et. al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> SUNRISE HOSPITAL AND MEDICAL CENTER, *et. al.*, <br><br> Defendants. | Case No. 2:10-cv-1228-PMP-GWF <br> **Consolidated with:** <br> Case No. 2:10-cv-1983-PMP-GWF <br><br> **ORDER** <br><br> Motion to Strike Notice of Attorney Lien (#159) |

This matter comes before the Court on Plaintiff's Motion to Strike Notice of Attorney Lien of David Sampson, Esq. (#159), filed on May 7, 2012; Mr. Sampson's Response to Motion to Strike Attorney Lien (#161), filed on May 23, 2012; Plaintiff's Reply to Response to Motion to Strike Notice of Attorney's Lien (#163), filed May 29, 2012.

**BACKGROUND**

Plaintiffs retained Christensen Law Offices, LLC to handle claims arising out of the death of Oscar Mejia and entered into a written retainer agreement. At the time Plaintiffs retained Christensen Law Offices, LLC, attorney David Sampson was an employee of Christensen Law Offices. The parties dispute the manner in which Mr. Sampson became their attorney, however, the parties do agree that Mr. Sampson did represent the Plaintiffs in this case.

Plaintiffs argue that Mr. Sampson represented them through his employment by Christensen Law Offices, LLC. Mr. Sampson was an employee of Christensen Law Offices and a member of the limited liability company. He was compensated at a rate of 25% of the attorney's fees collected by Christensen Law Offices, LLC minus any non-reimbursed costs, but he had no interest or entitlement to any attorney's fees on a case if it settled after his employment terminated. *See*

Affidavit of Thomas Christensen, Esq., Exhibit "2".  Plaintiffs also state that in 2011, Mr. Sampson was expelled as a member of the limited liability company but continued as an employee of Christensen Law Offices, LLC for a set salary.  *See* Affidavit.  In March, 2012, Mr. Sampson requested an increase in his salary which was denied and his employment with Christensen Law Offices, LLC was terminated.  *See* Affidavit.  Plaintiffs argue that they owe no compensation to Mr. Sampson by way of attorney lien, and that the matter is solely between Mr. Sampson and Christensen Law Offices, LLC.  Therefore, the notice of attorney lien should be stricken.

Mr. Sampson argues that he was retained by the Plaintiffs in this action by and through an attorney-client contract with Christensen Law Offices, LLC., of which Mr. Sampson was a partner. He further argues that the Plaintiffs interviewed multiple attorneys prior to this action in the effort to find representation, ultimately settling upon Mr. Sampson.  Upon agreeing to represent the Plaintiffs, Mr. Sampson drafted a "Lawyer's Retainer Agreement." *See* Exhibit "1."  The signatures of the clients and Mr. Sampson can be found in that agreement.  During the period of representation, three and a half years, Mr. Sampson performed the majority of the attorney work necessitated by the case. *See* Exhibit "1".  At the end of March 2012, Mr. Sampson was informed that Christensen Law Offices, LLC would pursue the Mejia claim without him and would not pay him for services rendered.  Mr. Sampson notified the Plaintiffs of his attorney lien in the amount equal to 25% of any recovery in this action.

## DISCUSSION

Under N.R.S 18.015, attorneys may place a lien on any claim, demand or cause of action for a suit that was placed in the attorney's hands by a client for suit or collection.  However, the statute is inapplicable when utilized in a matter that is solely an inter-attorney dispute.  *Harvey L. Lerer, Inc. v. Eighth Judicial District Court*, 111 Nev. 1165, 901 P.2d 643 (Nev. 1995).  It is undisputed that Mr. Sampson was a member of the Christensen firm when Plaintiffs retained him. It is undisputed that Mr. Sampson's services to the Plaintiffs as their attorney was terminated by Christensen Law Office, LLC prior to the judgment in this matter.

The Supreme Court of Nevada ruled in *Lerer* that it is not the purpose of the statute to allow a lawyer to "hold unilaterally a 'client' liable for fees when that lawyer is acting merely as the agent

of another attorney." *Id.* Mr. Sampson was acting as a member of the Christensen Law Office rather than a representative of the Plaintiffs. The Lawyer's Retainer Agreement shows that the Plaintiffs entered into an agreement with Christensen Law Office, not with David Sampson, individually. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Strike Attorney Lien (#159) be **granted**.

DATED this 12th day of June, 2012.

GEORGE FOLEY, JR.
United States Magistrate Judge